# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

**DATE 10/21/2015**

NOTICE OF APPEALS
ASSIGNMENT OF COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/21/2015 9:08:03 AM
CHRISTOPHER A. PRINE
Clerk

**TO:**     1ST COURT OF APPEALS

**From:     Deputy Clerk: IRMA MEDINA**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:     2014-70417**

**VOLUME _____     PAGE _____     OR     IMAGE # 67527434**

**DUE 12/21/2015          ATTORNEY 7818000**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE   1ST**

**DATE ORDER SIGNED:     8/21/2015**

**MOTION FOR NEW TRIAL FILED: 9/16/2015**

**REQUEST TRANSCRIPT DATE FILED     N/A**

**NOTICE OF APPEAL DATE FILED     10/19/2015**

**NUMBER OF DAYS: ( CLERKS RECORD ) 120**

**FILE ORDERED:   YES ☐   NO ☒   IMAGED FILED:   YES ☒   NO ☐**

**CODES FOR NOTICE OF APPEAL:  BC, C**

CHRIS DANIEL
Harris County, District Clerk

By:   /s/IRMA MEDINA
         **IRMA MEDINA, Deputy**

BC     NOTICE OF APPEAL FILED
BG     NOTICE OF APPEAL FILED – GOVERNMENT
C       JUDGMENT BEING APPEALED
D -     ACCELERATED APPEAL
OA     NO CLERK'S RECORD REQUEST FILED
O       CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA     AMENDED NOTICE OF APPEAL

CAUSE NO. 2014-70417

| | | |
|---|---|---|
| BENNY VANCE AND PIERRE METZENER, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| MARK C. POPKOWSKI, JODY M. | § | |
| POPKOWSKI, TAMMY EVANS AND | § | |
| MODERN SYSTEM CONCEPTS, INC., | § | |
| | § | |
| Defendants. | § | 334th JUDICIAL DISTRICT |

## NOTICE OF APPEAL

**TO THE CLERK OF THE COURT:**

Plaintiffs, **BENNY VANCE** and **PIERRE METZENER**, hereby give notice that they desire to appeal from the Final Judgment dated August 21, 2015, entering judgment for Defendants.

The appeal will be to either the First or Fourteenth Court of Appeals in Houston. As required by the Local Rules Relating to Assignment of Related Cases to and Transfers of Related Cases Between the First and Fourteenth Courts of Appeals, I certify that no related appeal or original proceeding has been previously filed in either the First or Fourteenth Court of Appeals.

Respectfully submitted,

SECHRIST·DUCKERS LLP

By: _____
TERRIE L. SECHRIST
State Bar No. 07818000
6300 West Loop South, Suite 415
Bellaire, Texas 77401
Telephone: (713) 395-4200, ext. 102
Telefax: (713) 395-4201
Email: tsechrist@s-dlawfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this _____day of October, 2015, a true and correct copy of the foregoing instrument was forwarded to all counsel of record by certified mail, return receipt requested, and/or hand delivery, and/or facsimile, and/or regular mail.

TERRIE L. SECHRIST

VANCE/Appeal\Notice of Appeal.doc

-2-

CAUSE NO. 2014-70417

| | | |
|---|---|---|
| BENNY VANCE AND PIERRE METZENER, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| MARK C POPKOWSKI; JODY M. | § | |
| POPKOWSKI, TAMMY EVANS; AND | § | |
| MODERN SYSTEM CONCEPTS, INC., | § | |
| | § | |
| Defendants | § | 334th JUDICIAL DISTRICT |

## PLAINTIFFS' MOTION FOR NEW TRIAL

Plaintiffs BENNY VANCE and PIERRE METZENER file this Motion for New Trial and in support thereof respectfully would show this Court as follows:

### I.

### BACKGROUND

1. Plaintiffs, BENNY VANCE and PIERRE METZENER, sued Defendants, Mark C. Popkowski, Jody M. Popkowski, Stephen M. Popkowski, Tammy Evans and Modern System Concepts, Inc., Defendants, for an injunction prohibiting Defendants from using a single family residential home in the Cypress Point Estates Subdivision (the "Subdivision") as a business, in violation of the Deed Restrictions for the Subdivision.

2. On July 8, 2015, this case was called to trial. After the evidence was presented, the Court submitted this case to the jury on the single question of whether Deed Restriction No. 1[1] and Deed Restriction No. 15[2] had been abandoned by the owners of the lots in the Subdivision and should not be enforced with respect to the violation at Defendants' property. On July 9, 2015, the jury returned a verdict for Defendants by a vote of 10-2, finding that Deed Restriction Nos. 1 and 15 had been abandoned and should not be enforced against Defendants' property. Plaintiffs assert that the evidence presented to the jury did not support the jury findings of abandonment as a matter of law.

---

[1] Restriction No. 1 reads: "Said tracts shall be used only for single family residences."
[2] Restriction No. 15 reads: "No business, commercial or otherwise, shall be conducted in, on or from any tract."

## II.

## ARGUMENT & AUTHORITIES

**A. There is No Evidence as a Matter of Law to Support the Jury's Verdict that the Deed Restrictions in the Subdivision were Abandoned.**

3.     This Court should grant this Motion for New Trial because the jury's answer to Question 1 is against the great weight and preponderance of the evidence and is manifestly unjust. *See Pool v. Ford Motor Co.* 715 S.W.2d 629, 635 (Tex. 1986).

4.     Similarly, this Court should grant this Motion for New Trial because the evidence proves, as a matter of law, that the Subdivision did not abandon Deed Restrictions Nos. 1 and 15. Thus, the jury's answer to Question 1 is wrong and the Court erred in denying Plaintiffs' Motion for Judgment Notwithstanding the Verdict.

5.     The uncontroverted evidence established that there are 90 lots in the Subdivision. The only evidence offered by Defendants of any "business" being operated in the Subdivision is (i) Platinum Coffee Service (property owner David Harrison), (ii) an ammunition reloading business (property owner Sharon Duncan), (iii) a person who owns rental property outside of the Subdivision who has, on one occasion, had a tenant drop off a rent check to his home in the subdivision (property owner Shane Hopkins), (iv) a person who has an electrical company with an office address outside of the Subdivision (property owner Orlando Garza) and (v) a person who is a mason and performs all of his work at locations outside the Subdivision (property owner Jose Chavez).

6.     Texas courts have held as a matter of law that five (5) violations of a deed restriction in a subdivision are insufficient in number, nature and severity to support abandonment of the restriction. *Tanglewood Homes Ass'n v. Henke*, 728 S.W. 2d 39, 44 (Tex. App.–Houston [1st Dist.] 1987, writ ref'd n.r.e.) ("We hold that these five violations of the main residence restriction are insufficient as a matter of law, in number, nature, and severity to constitute a waiver of the restrictive covenant's benefits and enforceability. Therefore, we hold that there is '*no evidence*' to support the finding that the main residence restriction was abandoned.")(emphasis added). *See also, New Jerusalem Baptist Church v. City of Houston*, 598 S.W. 2d 666 (Tex. App.–Houston [14th Dist.] 1980, no writ) (holding that four (4) violations did not constitute abandonment of the restrictions). Trivial violations do not operate as an abandonment of the covenant. *Cowling v. Colligan*, 312 S.W.2d 943, 945 (Tex. 1958)

2

("It has been held, however, that the violation is so trivial in character that the failure of other property owners in the restricted area to complain does not operate as a waiver of their right to enforce the covenant against business or commercial development, or as an abandonment of the covenant"). In this case, all of the businesses allegedly operating in the Subdivision, except Platinum Coffee Service, are trivial violations as a matter of law, if they are deed restriction violations at all.

7. Courts have consistently held that deed restriction violations amounting to less than nine percent (9%) of the lots subject to restrictions do not constitute abandonment **as a matter of law**. *See, Tanglewood Homes Ass'n, Inc. v. Henke,* 728 S.W.2d 39, 44 (Tex.App.-Houston [1st Dist.] 1987) [holding that enforcement of restriction requiring the main residence to be built behind the building set-back line was not waived where the violations occurred in 5/56 of the homes—less than nine percent (9%)]; *Stephenson v. Perlitz,* 537 S.W.2d 287, 289-90 (Tex.Civ.App.-Beaumont 1976, writ ref'd n.r.e.) (holding that there was no acquiescence in existing violations where evidence showed that less than nine percent (9%) of lots in the entire subdivision had violations of the one-residence restriction). *See also Uptegraph v. Sandalwood Civic Club,* 312 S.W.3d 918, 935-36 (Tex. App.--Houston [1st Dist.] 2010, no pet.) ["Texas courts have found that violation rates ranging from 1.9% to 8.9% were not sufficient to support waiver and abandonment ..." (quoting *City of Houston v. Revels,* No. 14-99-00139-CV, 2001 WL 699546, at *2 (Tex. App.-Houston [14th Dist.] June 21, 2001, pet. denied) (not designated for publication)].

8. In this case, it is undisputed that there are 90 lots in the Cypress Point Estates subdivision. Even if the evidence presented is viewed in the light most favorable to Defendants, only five (5) alleged deed restriction violations were presented to the jury. Such violations represent only five percent (5%) of the Subdivision. Therefore, as a matter of law, the deed restrictions for the Subdivision have not been abandoned. Accordingly, this Court should grant a new trial.

3

## PRAYER

9.    For the foregoing reasons, and in the interests of justice, Plaintiffs ask the Court to grant a new trial in this case.

Respectfully submitted,

SECHRIST · DUCKERS LLP

By: _____
Terrie L. Sechrist
State Bar No. 07818000
6300 West Loop South, Suite 415
Bellaire, Texas  77401
Telephone: (713) 395-4200
Telefax:  (713) 395-4201
Email: tsechrist@s-dlawfirm.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2015, a true and correct copy of the foregoing instrument was forwarded to the following counsel by certified mail, return receipt requested, and/or hand delivered, and/or by telefax:

**VIA TELEFAX:  (713) 993-7739**
Mr. Robert R. Burford
Buford Perry, LLP
700 Louisiana, Suite 4545
Houston, Texas  77002

4

FILED
Chris Daniel
District Clerk

AUG 21 2015

Time:_____
Harris County, Texas
By_____

Φ6
9b

CAUSE NO. 2014-70417

| | | |
|---|---|---|
| BENNY VANCE AND PIERRE METZENER, Plaintiffs, | § § § § | IN THE DISTRICT COURT |
| v. | § § | HARRIS COUNTY, TEXAS |
| MARK C. POPKOWSKI, JODY M. POPKOWSKI, TAMMY EVANS, AND MODERN SYSTEM CONCEPTS, INC., Defendants. | § § § § § | 334TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

On July 8, 2015, this Court called this matter for trial before a duly sworn jury of peers. Plaintiffs Benny Vance and Pierre Metzener appeared individually and through their counsel of record. Defendants Mark C. Popkowski, Jody M Popkowski, Tammy Evans, and Modern System Concepts appeared individually and/or through their counsel of record.

Thereafter a panel of 12 duly qualified men and women were selected and sworn in as the Jury in this cause. Thereafter the parties through their attorneys made their opening statements and presented their evidence.

The jury was asked to find whether Deed Restrictions numbers 1 and 15 of the "Modification of Restrictions of Cypress Point Estates Subdivision, an Unrecorded Addition" in Harris County, Texas for Cypress Point Estates Subdivision (the "Subdivision") filed on August 5, 1980 under Clerk's file number G627435 (the "Subdivision Restrictions"), had been abandoned by the owners of the lots in the Cypress Point Estates Subdivision and should not be enforced with

Cause No 2014-70417
Final Judgment

1

respect to 15710 McCearly Drive, Cypress, Texas 77429, a parcel of land more particularly described in Exhibit "A," attached hereto and made part hereof (the "Subject Property"). The jury was instructed that the term "abandonment" means that the violations of the Deed Restrictions are so extensive and material as to lead the mind of the "average man" to reasonably conclude that the general plan or scheme of development in imposing the Deed Restrictions has been abandoned with respect to the specific restriction.

Upon conclusion of the evidence, the jury submitted a verdict in Defendants' favor by a vote of 10-2.

The jury found, by a preponderance of the evidence that the Deed Restrictions numbers 1 and 15 of the Subdivision Restrictions, have been abandoned by the owners of the lots in the Cypress Point Estates Subdivision and should not be enforced with respect to 15710 McCearly Drive, Cypress, Texas 77429.

The Court now makes the following orders and final judgment.

ORDERED that Cypress Point Estates Subdivision Restriction No. 1, which reads "Said tracts shall be used only for single family residences," was abandoned by the owners of the lots in the Subdivision and shall be stricken from the restrictions entitled "Modification of Restrictions of Cypress Point Estates Subdivision, an Unrecorded Addition" filed on August 5, 1980 in the real property records of Harris County, Texas under Clerk's file number G627435 and also stricken from any preceding deed restrictions,

**ORDERED** that Cypress Point Estates Subdivision Restriction No. 1, which reads "Said tracts shall be used only for single family residences," should not be enforced by any property owner in the Cypress Point Estates Subdivision with respect to the violation at the Subject Property;

**ORDERED** that Subdivision Restriction No. 15, which reads "No business, commercial or otherwise, shall be conducted in, on or from any tract," was abandoned by the owners of the lots in the Subdivision and shall be stricken from the restrictions entitled "Modification of Restrictions of Cypress Point Estates Subdivision, an Unrecorded Addition" filed on August 5, 1980 in the real property records of Harris County, Texas under Clerk's file number G627435 and also stricken from any preceding deed restrictions;

**ORDERED** that Subdivision Restriction No 15, which reads "No business, commercial or otherwise, shall be conducted in, on or from any tract," should not be enforced by any property owner in the Cypress Point Estates Subdivision with respect to the violation at the Subject Property;

**ORDERED** that Defendants may file an abstract and/or notice of judgment in the Harris County Real Property records with a copy of this judgment attached as an exhibit, and

**ORDERED** that ~~the Plaintiff is liable for all~~ *each party shall bear their* costs of court expended or incurred in this cause.

All writs and processes for the enforcement and collection of this judgment may issue as necessary.

This is a final judgment that disposes of all parties and claims. All relief requested by the parties that is not otherwise granted is hereby **DENIED.**

SIGNED this __21__<sup>st</sup> date of August, 2015, in Houston, Harris County, Texas.

_____
Honorable Judge Grant Dorfman

AGREED AS TO SUBSTANCE AND FORM.

BURFORD PERRY LLP

*/s/ Robert R. Burford*

_____
Robert R. Burford
State Bar No. 03371700
Matt E. Parks
State Bar No. 24083622
700 Louisiana, Suite 4545
Houston, Texas 77002
Phone: (713) 401-9790
Fax: (713) 993-7739
rburford@burfordperry.com
mparks@burfordperry.com
*Attorneys for Defendants*

APPROVED AS TO FORM ONLY:

_____
Michael T McGann
State Bar No.
2211 Norfolk, Suite 400
Houston, Texas 77098
Phone: (713) 521-2743
Fax: (281) 530-5480
mcgannm@wans.net
*Attorney for Plaintiffs*

APPROVED AS TO FORM ONLY.

SECHRIST• DUCKERS LLP

_____
Terrie L. Sechrist
State Bar No 07818000

770 South Post Oak Lane, Suite 410
Houston, Texas 77056
Phone (713) 395-4200
Fax (713) 395-4201
tsechrist@s-dlawfirm.com
*Attorney for Plaintiffs*

# EXHIBIT "A"

BEING A TRACT OF LAND CONTAINING 1.000 ACRE (43,560 SQUARE FEET) SITUATED IN THE W.M. FRANCIS SURVEY, ABSTRACT 260, HARRIS COUNTY, TEXAS, BEING ALL OF A TRACT OF LAND CONVEYED UNTO JOSEPH A. DEJOHN, BY DEED RECORDED UNDER COUNTY CLERK'S FILE NO. E275229 OF THE OFFICIAL PUBLIC RECORDS OF HARRIS COUNTY, TEXAS, BEING KNOWN AS LOT 6, OF CYPRESS POINT ESTATES, AN UNRECORDED SUBDIVISION. SAID 1.000-ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

COMMENCING AT A 1/2-INCH IRON ROD FOUND AT THE INTERSECTION OF THE WEST RIGHT-OF-WAY LINE OF MUELLER CEMETERY ROAD (60.00 FEET WIDE) AND THE NORTH RIGHT-OF-WAY LINE OF MCCEARLEY DRIVE (60.00 FEET WIDE);

THENCE NORTH 89°39'40" WEST, ALONG SAID RIGHT-OF-WAY LINE OF MCCEARLEY DRIVE, A DISTANCE OF 606.10 FEET TO A SET 1/2-INCH IRON ROD WITH CAP MARKED SURVEY-1 FOR THE SOUTHEAST CORNER AND POINT OF BEGINNING OF SAID TRACT HEREIN DESCRIBED;

THENCE CONTINUING NORTH 89°39'40" WEST, A DISTANCE OF 120.00 FEET TO A 1/2-INCH IRON ROD FOUND FOR THE SOUTHWEST CORNER OF SAID TRACT HEREIN DESCRIBED;

THENCE NORTH 00°20'20" EAST, A DISTANCE OF 362.99 FEET TO A SET 1/2-INCH IRON ROD WITH CAP MARKED SURVEY-1 IN THE SOUTH RIGHT-OF-WAY LINE OF AUGUST ROAD (60.00 FEET WIDE) FOR THE NORTHWEST CORNER OF SAID TRACT HEREIN DESCRIBED;

THENCE SOUTH 89°39'40" EAST, ALONG SAID RIGHT-OF-WAY LINE OF AUGUST ROAD, A DISTANCE OF 120.00 FEET TO A 1/2-INCH IRON ROD FOUND FOR THE NORTHEAST CORNER OF SAID TRACT HEREIN DESCRIBED;

THENCE SOUTH 00°20'20" WEST, A DISTANCE OF 362.99 FEET TO THE POINT OF BEGINNING AND CONTAINING 1.000 ACRE (43,560 SQUARE FEET) MORE OR LESS.

```
JU2FN (NSD#)    JUSTICE INFORMATION MANAGEMENT SYSTEM      OCT 21, 2015(C1)
INT6510              CIVIL CASE INTAKE              OPT: _____  -  INT
                   GENERAL PARTY INQUIRY           PAGE:   1  -    2

CASE NUM: 201470417__ PJN> __  TRANS NUM: _____ CURRENT COURT: 334 PUB? _
CASE TYPE: OTHER CIVIL                    CASE STATUS: DISPOSED (FINAL)
STYLE: VANCE, BENNY               VS MODERN SYSTEM CONCEPTS INC
==============================================================================
                    **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR      PERSON NAME             PTY   ASSOC. ATTY
  NUM   NUMBER                                        STAT
_     00008-0001 DEF 03371700 POPKOWSKI, STEPHEN M          BURFORD, ROBE
_     00007-0001 MED 21983950 WOOLDRIDGE, JOHN THOMAS
_     00006-0001 DEF 03371700 EVANS, TAMMY                  BURFORD, ROBE
_     00006-0001 PAD 03371700 BURFORD, ROBERT R.
_     00005-0001 DEF 03371700 POPKOWSKI, JODY M.            BURFORD, ROBE
_     00005-0001 PAD 03371700 BURFORD, ROBERT R.
_     00004-0001 DEF 03371700 POPKOWSKI, MARK C             BURFORD, ROBE
_     00004-0001 PAD 03371700 BURFORD, ROBERT R.

==> (14) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR. 10=REFRESH    11=HELP
```

```
JU2FN (NSD#)     JUSTICE INFORMATION MANAGEMENT SYSTEM      OCT 21, 2015(C1)
INT6510                   CIVIL CASE INTAKE               OPT: _____  -  INT
                       GENERAL PARTY INQUIRY              PAGE:   2  -    2

CASE NUM: 201470417__ PJN> __  TRANS NUM: _____ CURRENT COURT: 334 PUB? _
CASE TYPE: OTHER CIVIL                   CASE STATUS: DISPOSED (FINAL)
STYLE: VANCE, BENNY                      VS MODERN SYSTEM CONCEPTS INC
==============================================================================
                        **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR        PERSON NAME            PTY    ASSOC. ATTY
  NUM    NUMBER                                        STAT
 _    00003-0001 PLT 13607500 METZENER, PIERRE               MCGANN, MICHA
 _    00003-0001 PAP 07818000 SECHRIST, TERRIE L.
 _    00002-0001 DEF 03371700 MODERN SYSTEM CONCEPTS INC     BURFORD, ROBE
 _    00002-0001 PAD 03371700 BURFORD, ROBERT R.
 _    00001-0001 PLT 13607500 VANCE, BENNY                   MCGANN, MICHA
 _    00001-0001 PAP 07818000 SECHRIST, TERRIE L.


==> (14) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH    11=HELP
```